UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL BAMONTE, as Administrator of the Estate of KATHLEEN DURST; and JAMES MCCORMACK, VIRGINIA MCKEON, and MARY HUGHES, as Co-Administrators of the Estate of ANNE C. MCCORMACK, a Distributee of the Estate of KATHLEEN DURST,<br><br>Plaintiffs,<br><br>- against –<br><br>DEBRAH LEE CHARATAN, at the Nominated Executor of the Estate of ROBERT DURST,<br><br>Defendant. | Civil Action No.: 7:22-cv-795<br><br>**COMPLAINT** |

Plaintiffs Carol Bamonte (as the Administrator of the Estate of Kathleen Durst), and James McCormack, Virginia McKeon, and Mary Hughes (as Co-Administrators of the Estate of Anne C. McCormack, a distributee of the Estate of Kathleen Durst), by and through their attorneys, Abrams Fensterman, LLC, and Robinson Brog Leinwand Greene Genovese & Gluck, P.C., as and for their Complaint against defendant Debrah Lee Charatan, as the Nominated Executor of the Estate of Robert Durst, alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because (a) Plaintiffs and Defendant are each U.S. citizens who do not reside in the same state, and (b) the underlying claim is in excess of $75,000.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred within this District.

## INTRODUCTION

3.  This is an action for wrongful death brought by the Estate of Kathleen Durst ("Kathie"), who was murdered by Robert Durst, in Westchester County, New York, on January 31, 1982. Kathie was a citizen of New York at the time of her death.

## PARTIES

4.  While Kathie was still listed as a missing person, the Surrogate's Court of the State of New York, County of New York entered an Order establishing an absentee estate for Kathie.

5.  Anne C. McCormack, Kathie's mother, was a distributee of Kathie's Estate.

6.  Anne C. McCormack passed away on May 15, 2016 in Nassau County, New York.

7.  At the time of her death, Anne C. McCormack was a citizen of the State of New York and resided in Nassau County, New York.

8.  Plaintiff Carol Bamonte ("Carol"), is a citizen of the State of New York and resides in Suffolk County, New York.

9.  Carol was the Executor of the Estate of Anne C. McCormack's Estate and is the Administrator of Kathie's Estate.

10.  Plaintiff James McCormack ("James") is a citizen of the State of New Jersey, and resides in Sussex County, New Jersey.

11.  Plaintiff Virginia McKeon ("Virginia") is a citizen of the Commonwealth of Massachusetts, and resides in Hampden County, Massachusetts.

12.  Plaintiff Mary Hughes ("Mary") is a citizen of New York, and resides in New York County, New York.

13.  James, Virginia, and Mary are now the Co-Administrators of the Estate of Anne C. McCormack and have applied to replace Carol as the Administrators of Kathie's Estate.

14. Robert Durst died on January 10, 2022, in Stockton, California.

15. At the time of his death, Robert Durst was an inmate at the California Health Care Facility (CHCF), a California State Prison facility, and serving a life sentence for murder.

16. Prior to his incarceration, Robert Durst resided at 2520 Robinhood Street #1405, Houston, Texas 77005 and was a citizen and domicile of the State of Texas.

17. Defendant, Debrah Lee Charatan, is the nominated Executor of Robert Durst's Estate and filed a proceeding to probate his Last Will and Testament on January 14, 2022, in Probate Court, Harris County, Texas.

18. The Estate of Robert Durst is domiciled in the State of Texas and the Defendant, as a Nominated Executor of the Estate of Robert Durst, is a citizen of the same state as the Estate, the State of Texas.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(WRONGFUL DEATH)**

19. Robert Durst murdered Kathie in South Salem, New York on January 31, 1982.

20. In a Decision and Order entered on May 24, 2018, the Supreme Court of the State of New York, Appellate Division, First Department held that Kathie's date of death is January 31, 1982.

21. At the time of her death, Kathie was 29 years old and in good health.

22. Robert Durst's wrongful, felonious, and tortious conduct was the direct and proximate cause of Kathie's death.

23. Kathie was and is survived by distributees that have suffered a pecuniary loss as a result of Kathie's death.

24. Plaintiffs, who have been appointed as Administrator of Kathie's estate and Co-Administrators of the Estate of Anne C. McCormack, and Anne C. McCormack, have also suffered economic and special damages as a result of Kathie's death.

25. On March 22, 2019, the administrator of Kathie's Estate commenced an action against Defendant in the Supreme Court of New York, New York County entitled *Bamonte v. Durst*, Index No. 153054/2019.

26. On August 6, 2019, the Court in *Bamonte v. Durst* entered an Order dismissing the Kathie's Estate's cause of action for wrongful death "without prejudice to refiling in the event that a criminal action is commenced against Robert Durst pertaining to the death of Kathleen Durst".

27. On October 19, 2021, Investigator Joseph Becerra signed and filed a felony complaint ("the Criminal Complaint") with the Town Court of the Town of Lewisboro, New York.

28. The Criminal Complaint charges Robert Durst with Murder in the Second Degree in violation of PL § 125.25(a) for the intentional killing of Kathie on January 31, 1982, at or near 62 Hoyt Street, South Salem, New York.

29. The filing of the Criminal Complaint constitutes the commencement of a criminal action against Robert Durst pursuant to CPLR § 1.20 with respect to the event or occurrence of wrongfully causing Kathie's death.

30. On November 1, 2021, the Westchester District Attorney announced a grand jury in Westchester County, New York had indicted Defendant for the murder of Kathie.

31. The indictment returned against Robert Durst also independently constitutes the commencement of a criminal action against Robert Durst pertaining to Kathie's death.

32. Plaintiffs filed this action in a timely fashion in accordance with EPTL § 5-4.1(2).

33. Plaintiffs request a trial by jury.

**WHEREFORE**, Plaintiffs' demand judgment against Defendant as follows:

(A) General, compensatory, and special damages, in an amount to be determined by the Court, but in any event exceeding the jurisdictional limits of all lower courts;

(B) Economic and special damages, in an amount to be determined by the Court, but in any event exceeding the jurisdictional limits of all lower courts;

(C) Punitive damages, in an amount to be determined by the Court, but in any event exceeding the jurisdictional limits of all lower courts;

(D) Reasonable attorneys' fees and costs; and

(E) Such other and further relief as the Court deems just, proper, and equitable.

Dated: January 31, 2022

        Yours, etc.

        */s/ Brian McCarthy*
        Robert Abrams, Esq.
        Brian Thomas McCarthy, Esq.
        Abrams Fensterman, LLP
        3 Dakota Drive, Suite 300
        Lake Success, New York 11042
        (516) 328-2300

        Matthew Cono Capozzoli, Esq.
        Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
        875 3rd Avenue, 9th Floor
        New York, New York 10022
        (212) 603-6300
        *Counsel for Plaintiffs*