UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CAROL BAMONTE, as Administrator of the Estate of KATHLEEN DURST; and JAMES MCCORMACK, VIRGINIA MCKEON, and MARY HUGHES, as Co-Administrators of the Estate of ANNE C. MCCORMACK, a Distributee of the Estate of KATHLEEN DURST,

Plaintiffs,

- against -

DEBRAH LEE CHARATAN, as the Nominated Executor of the Estate of ROBERT DURST,

Defendant.

---------------------------------------------------------------------X

**22-CV-795 (KMK)**

**DECLARATION OF ROBERT ABRAMS, ESQ. IN SUPPORT OF ORDER TO SHOW CAUSE FOR PREJUDGMENT ATTACHMENT, PRELIMINARY INJUNCTION, TRO AND SPECIAL DISCOVERY**

Pursuant to 28 U.S.C. § 1746, Robert Abrams, Esq., declares under the penalty of perjury:

1. I am an Executive Partner with Abrams Fensterman, LLP and represent the Plaintiffs in the within action.

2. I make this Declaration based on my personal knowledge of the pleadings filed in this action and the documents attached to this Declaration in support of the Plaintiff's Order to Show Cause for a prejudgment attachment, preliminary injunction and temporary restraining order, and for immediate discovery in aid of the attachment.

3. As demonstrated in the summary of facts in the attached memorandum of law, it is apparent that, even before Robert Durst ("Durst" or "Decedent") brutally murdered his wife Kathleen Durst ("Kathie"), and until the day he died on January 10, 2022, he was scheming to frustrate any attempt by Kathie or her loved ones to enforce a money judgement against him.

4. For almost forty years, Decedent believed he had concocted the perfect coverup. He mistakenly believed that he would never be charged in New York for Kathie's murder. He

grossly miscalculated not only the resiliency and determination of Kathie's family to prove that Durst intentionally murdered Kathie, but also their relentless tenacity to convince the Westchester District Attorney to present this evidence to the Grand Jury which resulted in an indictment against Durst on November 1, 2021, just 70 days before he died at age 78.

5. It is also readily apparent that for more than the past two decades, Defendant Charatan has been actively involved and participated in Durst's scheme to coverup Kathie's murder. As payment for her assistance in Durst's scheme, Charatan has financially benefitted to the tune of tens of millions of dollars, in addition to being designated as the sole beneficiary of Durst's Estate, which the FBI believes has a net value of approximately $100 million dollars.

6. It would be a gross miscarriage of justice for Durst and Charatan to avoid responsibility and accountability for their scheme to hide assets in furtherance of their coverup of Durst's murder of Kathie.

7. Contrary to Charatan's counsel's representation to the Court in his letter dated March 8, 2022 that Decedent's death rendered this action a nullity ( Dkt. No. 16), Kathie's family was and is statutorily permitted to commence and pursue this wrongful death action.

8. By Charatan's counsel's own letter, he appears to be in denial that Durst murdered Kathie, and that Durst's Estate is responsible to satisfy damages resulting from this murder, which further underscores likelihood that Charatan will take steps to frustrate Plaintiffs' ability to collect on any potential judgment. Of particular note is the following representation made to the Court by Charatan's counsel: "…. the subject trusts exist outside of and separate and apart from the Estate of Robert Durst itself. The Trusts have nothing whatsoever to do with the satisfaction of any damages herein allegedly occasioned by the decedent Robert Durst; the defendant Charatan is sued only in her representative capacity as the proposed fiduciary of the Estate."

9. The Trusts, in question, include at least two Durst Family Trusts and, upon information and belief, a Third Trust that Durst created when he received a $65 million dollar settlement from a litigation he commenced against the Trustees of the Durst Family Trust in 2006.

10. Given that the Durst Family Trusts were amended after all who were involved either knew or believed that Durst killed Kathie, and the Third Trust was created after Durst murdered Kathie, all three of these Trusts, to the extent that Durst held interests in them prior to his demise or transferred assets to Charatan or other third parties to the frustration of creditors, are absolutely subject to attachment under the jurisdiction of this Court.

11. Moreover, given the small percentage of Decedent's assets that appear to be in the probate Estate, we expect to obtain evidence through special discovery pursuant to CPLR §6220 that proves, *inter alia*, that income and assets from the Durst Family Trusts were used to help Durst and Charatan coverup Kathie's murder, as well as provide an audit trail of how Charatan used her multi-million-dollar payoff from the Trusts. Charatan should not be entitled to profit from her participation in the coverup of Kathie's murder.

12. To state the obvious, it would be unjust for Durst and Charatan to use Trust funds to coverup Kathie's murder and then claim these Trust funds are not available to the victims of this horrific murder.

13. We believe that damages in this case should be equal to the value of Durst's total Estate, which has been estimated to be $100 million dollars and which consists of all of his assets, including his interests in Trust and joint accounts. In seeking the relief requested, we attach the supporting exhibits referenced below.

14. Attached as Exhibit "A" is a true and complete copy of the Grand Jury Indictment issued by the grand jury in Westchester County Criminal Court, State of New York on November 1, 2021.

15. Attached as Exhibit "B" is a true and complete copy of a Report on the Investigation into the Disappearance of Kathleen Durst issued by the Westchester County District Attorney's Office regarding proof beyond a reasonable doubt that Robert Durst murdered Kathie Durst released January 19, 2022.

16. Attached as Exhibit "C" is a true and complete copy of the Transcript of the Sentencing Hearing of the Criminal Proceedings against Robert Durst in Los Angeles, California for the murder of Susan Berman.

17. Attached as Exhibit "D" is a true and complete copy of the Domestic Violence Motion dated March 22, 2018.

18. Attached as Exhibit "E" is a true and complete copy of the Motion to Admit Evidence of Defendant's Thefts, dated April 2, 2021.

19. Attached as Exhibit "F" is a true and complete copy of a Letter dated July 2, 2008 from Richard Emery to Andrew Jarecki.

20. Attached as Exhibit "G" is a true and complete copy of the Morris Black Opposition dated December 27, 2018.

21. Attached as Exhibit "H" is a true and complete copy of the McCormack Petition for Limited Letters for Absentee Kathleen Durst.

22. Attached as Exhibit "I" is a true and complete copy of Durst's Surrogate's Court Affidavits dated February 7, 1983.

23. Attached as Exhibit "J" is a true and complete copy of the Divorce Petition filed by Durst on January 24, 1990.

24. Attached as Exhibit "K" is a true and complete copy of the Durst Divorce Affidavit dated May 2, 1990.

25. Attached as Exhibit "L" is a true and complete copy of the *ex parte* Judgement of Divorce between Durst and Kathie dated June 13, 1990.

26. Attached as Exhibit "M" is a true and complete copy of the Opposition to the Berman Hearsay Motion, dated March 9, 2018.

27. Attached as Exhibit "N" is a true and complete copy of the Marriage License between Durst and Kathie dated December 11, 2000.

28. Attached as Exhibit "O" is a true and complete copy of the Power of Attorney dated December 11, 2000.

29. Attached as Exhibit "P" is a true and complete copy of the Obituary of Steven Holm, dated October 17, 2019.

30. Attached as Exhibit "Q" is a true and complete copy of a Letter from Robert Durst to Anton Weiss dated December 1, 2000.

31. Attached as Exhibit "R" is a true and complete copy of the Daily Mail Article dated March 31, 2015.

32. Attached as Exhibit "S" is a true and complete copy of the Durst Last Will and Testament dated August 11, 2010.

33. Attached as Exhibit "T" is a true and complete copy of excerpts of the Deposition Transcript of Debrah Lee Charatan dated March 7, 2005.

34. Attached as Exhibit "U" is a true and complete copy of the Judgment of Conviction Against Durst dated September 24, 2004.

35. Attached as Exhibit "V" is a true and complete copy of excerpts of the Transcript of the Jailhouse Recording between Robert Durst and Stewart Altman dated December 14, 2001.

36. Attached as Exhibit "W" is a true and complete copy of the Pandora Letter dated April 4, 2003.

37. Attached as Exhibit "X" is a true and complete copy of the Trust Litigation Decision from the United States District Court for Southern District of New York dated December 7, 2005.

38. Attached as Exhibit "Y" is a true and complete copy of the of excerpts of the Transcript of the Jailhouse Recording between Robert Durst and Debrah Charatan taken from January 11, 2002 to January 16, 2002.

39. Attached as Exhibit "Z" is a true and complete copy of the Trust Litigation Complaint filed in the United States District Court for Southern District of New York dated August 30, 2004.

40. Attached as Exhibit "AA" is a true and complete copy of the Trial Transcript of Douglas Durst dated June 28, 2021.

41. Attached as Exhibit "BB" is a true and complete copy of the New York Times article dated January 1, 2015.

42. Attached as Exhibit "CC" is a true and complete copy of the Arrest Warrant issued against Robert Durst by the State of California on March 11, 2015.

43. Attached as Exhibit "DD" is a true and complete copy of the Trial Transcript of Susan Giordano dated February 15, 2017.

44. Attached as Exhibit "EE" is a true and complete copy of the Death Certificate of Robert Durst dated January 10, 2022.

45. Attached as Exhibit "FF" is a true and complete copy of the Probate Petition of the Estate of Robert Durst filed January 14, 2022.

46. Attached as Exhibit "GG" is a true and complete copy of the Citation Returned dated January 19, 2022.

Dated: Lake Success, New York
March 17, 2022

ABRAMS FENSTERMAN, LLP

By: /s/ Robert Abrams

Robert Abrams, Esq.
Brian T. McCarthy, Esq.
Raju Sundaran, Esq.
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Tel: (516) 328-2300
Fax: (516) 328-6638
babrams@abramslaw.com
bmccarthy@abramslaw.com
rsundaran@abramslaw.com
*Attorneys for Plaintiffs*