UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAROL BAMONTE, as Administrator of the
Estate of KATHLEEN DURST, *et al.*,

                                   Plaintiffs,

    -against-

DEBRAH LEE CHARATAN, as Nominated
Executor of the Estate of ROBERT DURST,

                                   Defendant.
------------------------------------------------------------x

**OPINION AND ORDER**

22 Civ. 0795 (KMK) (JCM)

      Plaintiffs Carol Bamonte, as Administrator of the Estate of Kathleen McCormack Durst ("Kathie"), James McCormack, Virginia McKeon, and Mary Hughes, as Administrators of the Estate of Anne C. McCormack, a Distributee of the Estate of Kathleen Durst (collectively, "Plaintiffs"), brought this wrongful death action seeking monetary damages against Debrah Lee Charatan ("Charatan" or "Defendant"), in her capacity as the Nominated Executor of the Estate of Robert Durst ("Robert"). (Docket No. 1). Presently before the Court is a motion filed by non-party Douglas Durst ("Douglas"), pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, to quash or modify Plaintiffs' subpoena seeking to depose Douglas, (Docket No. 123), accompanied by a memorandum of law, (Docket No. 124), and a declaration with attached exhibits, (Docket No. 125). Plaintiffs filed an opposition, (Docket No. 132), and Douglas replied, (Docket No. 141). For the reasons that follow, Douglas's motion to quash is denied, and Douglas's motion for a protective order limiting the scope of examination is granted.

**I. BACKGROUND**

**A. Relevant Facts**

      The Court incorporates by reference the full recitation of facts set forth in Judge Karas's Opinion and Order denying Defendant's motion to dismiss, *see Bamonte v. Charatan*, No. 22-

CV-795 (KMK), 2023 WL 2751894 (S.D.N.Y. Mar. 31, 2023), and summarizes only the facts relevant to this motion.

Kathie Durst was married to Robert Durst. Plaintiffs allege that Robert "murdered Kathie in South Salem, New York on January 31, 1982." (Docket No. 1 ¶ 19). Kathie was 29 years old at the time of her death, and in good health. (*Id*. ¶ 21). By Decision and Order dated May 24, 2018, "the Supreme Court of the State of New York, Appellate Division, First Department held that Kathie's date of death is January 31, 1982." (*Id*. ¶ 20).

In September 2021, a Los Angeles, California, Superior Court jury convicted Robert of the murder of Susan Berman. (Docket No. 124 at 1; Docket No. 132 at 1). Douglas, who is Robert's brother, testified at Robert's California trial. (Docket No. 124 at 1). The California court sentenced Robert to life imprisonment in October 2021. (*Id*.). Robert died while serving his sentence in a California State prison facility in January 2022. (Docket No. 1 ¶¶ 14-15).

**B. Procedural History**

Plaintiffs filed this wrongful death action on January 31, 2022. (Docket No. 1). Following Judge Karas's denial of Plaintiffs' motion for emergency injunctive relief, (Docket No. 49), and Defendant's motion to dismiss, (Docket No. 82), the parties were referred to the undersigned for general pre-trial supervision, including discovery and non-dispositive motion practice, (Docket No. 99). However, several issues arose in connection with the parties' attempts to agree to a joint discovery schedule prior to appearing before the undersigned. As relevant here, on May 2, 2023, Plaintiffs' counsel attempted to serve Douglas, via his counsel, with a subpoena to testify at a deposition regarding "[t]he facts and circumstances of the wrongful death of Kathleen McCormack Durst and the events following her death." (Docket Nos. 111-1, 111-4). Douglas's counsel then filed a letter to the Court seeking clarification as to whether the Court's

discovery schedule ordered Douglas to testify. (Docket No. 110).  Judge Karas clarified that he "ha[d] not ordered Douglas Durst to testify," (*id*.), set forth a briefing schedule for Douglas's anticipated motion to quash the subpoena, and subsequently referred the parties and Douglas to the undersigned for resolution of pending discovery-related issues, including the present motion, (Docket No. 136).  Ultimately, Douglas's counsel accepted service on his behalf and this motion ensued.

## II.  LEGAL STANDARD

Generally, Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26.  While relevant evidence, for purposes of discovery, need not be admissible at trial, a court "must limit the frequency or extent of discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Lynch v. City of New York*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *2 (S.D.N.Y. Nov. 4, 2021) (quoting Fed. R. Civ. P. 26(b)(2)(C)); *see also* Fed. R. Civ. P. 26(b)(1).  Relevance is determined "in light of the claims and defenses asserted by the parties," *In re Bairnco Corp. Sec. Litig*., 148 F.R.D. 91, 96 (S.D.N.Y. 1993), and the Court has "broad discretion in determining relevance for discovery purposes," *Michael Kors, L.L.C. v. Su Yan Ye*, 18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019). "The burden of demonstrating relevance is on the party seeking discovery." *Cohen v. City of New York*, No. 05 Civ. 6780 (RJS) (JCF), 2010 WL 1837782, at *2 (S.D.N.Y. May 6, 2010).

"A party or any person from whom discovery is sought may move for a protective order," which may be issued upon a showing of good cause "to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (citation and quotation omitted). The Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A court may issue an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

"Rule 45 provides a corresponding level of protection for persons subject to subpoena." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2023) ("Rule 45(d)(3) … tracks the provisions for discovery found in Rule 26(c)"). It provides that a court may quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "The determination of whether a subpoena subjects a witness to undue burden is committed to the sound discretion of the trial court, and depends upon such factors as relevance ... and the burden imposed." *In re Blackstone Partners, L.P.*, No. 04 Civ. 7757 (NRB), 2005 WL 1560505, at *2 (S.D.N.Y. July 1, 2005) (internal citations and quotations omitted). The movant bears the burden of establishing undue burden. *Id*. "Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such factors as relevance, the need of the party for the [discovery], the breadth of the [discovery] request, the time period covered by it, the particularity with which the [discovery is] described and the burden imposed.'" *Concord Boat Corp.,* 169 F.R.D. at 49 (quoting *United States v. International Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

### III. DISCUSSION

Douglas moves, pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), to quash the subpoena served on him or, in the alternative, for a protective order pursuant to Federal Rule of Civil Procedure 26 ("Rule 26") "precluding cumulative or duplicative inquiry." (Docket No. 124 at 2). Plaintiffs counter that Douglas's motion should be denied because he has not demonstrated that compliance with the subpoena would cause a "specific and serious injury," nor has he established that the anticipated testimony would be cumulative or duplicative of previous trial testimony. (Docket No. 132).

### A. Relevance

"A Rule 45 subpoena—like all discovery—must fit within the scope of discovery permitted in a civil case." *Bhatt v. Lalit Patel Physician P.C.,* 18-CV-2063 (ILG) (SJB), 2020 WL 13048694, at *1 (E.D.N.Y. Oct. 19, 2020). "Relevance under Rule 26 is 'obviously broad and liberally construed.'" *Thurmond v. Thomas-Walsh*, 18 Civ. 409 (PMH) (JCM), 2021 WL 2644993, *2 (S.D.N.Y. June 24, 2021) (quoting *Gupta v. New Silk Route Advisors, L.P.*, 19-CV-9284 (PKC), 2021 WL 1812202, *3 (S.D.N.Y. May 5, 2021)) (alteration omitted). Here, Douglas does not dispute that the deposition testimony sought regarding "[t]he facts and circumstances of the wrongful death of Kathleen McCormack Durst and the events following her death" are relevant to Plaintiffs' claims, and thus discoverable under Rule 26, absent privilege or other applicable protection. *See Lynch,* 2021 WL 5140728, at *4 ("The standard for relevance 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Goodloe v. City of New York*, 136 F. Supp. 3d 283, 292 (E.D.N.Y. 2015)); *see also City of Almaty, Kazakhstan v. Sater*, 19-CV-2645 (AJN) (KHP), 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020) ("The same scope of

discovery applies when seeking discovery from a non-party."). Under this broad standard, the deposition testimony would be relevant to the wrongful death claim. *See, e.g., id.* at *3 (ordering deposition of non-party witness "who should possess information relevant to the claims in this matter" because she had "communicated with other witnesses in th[e] case," and noting that "Plaintiffs are entitled to probe her memory about relevant information").

**B. Undue Burden**

The Court first considers whether the testimony sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).[1] Plaintiffs seek to depose Douglas regarding, *inter alia*, (i) conversations he had with Kathie and Robert in the time period immediately surrounding her death; (ii) his personal knowledge of Robert's actions with respect to Kathie's disappearance, and details regarding Robert's financial crimes; (iii) the basis for Douglas's public statements regarding his belief that Kathie was likely murdered in the same manner as Morris Black; and (iv) Douglas's conversations with law enforcement and the Westchester County District Attorney regarding Kathie's disappearance. As to his conversations with Kathie and Robert, Douglas is the only surviving participant with knowledge of these communications. Therefore, there is no other source to inquire as to the content of these conversations, other than Douglas himself. As to topics concerning Douglas's personal knowledge and beliefs, Douglas is the only person who can answer questions regarding his beliefs, and the bases for them. *See, e.g., Pearson v. Univ. of*

---

[1] The Court rejects Douglas's broad assertion that "subpoenas *must* seek *only* information not readily attainable from other sources," and, therefore, the subpoena is invalid. (Docket No. 141 at 8) (emphasis added). This is a misstatement of the applicable law. The caselaw cited by Douglas in support of this contention sets forth the standard for a specific factual scenario— "[w]here a civil litigant seeks nonconfidential materials from a nonparty *press entity*." *United States v. Treacy*, 639 F.3d 32, 42 (2d Cir. 2011) (quoting *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 36 (2d Cir. 1999)) (emphasis added). In that situation, journalists may have a qualified privilege over nonconfidential press materials that may be overcome by a showing that the requested materials "are of likely relevance to a significant issue in the case, and are not reasonably obtainable from other available sources." *Treacy*, 639 F.3d at 42. Douglas is not a journalist, and this test does not apply here.

*Chicago*, Case No. 3:20-mc-00092 (CSH), 2021 WL 194725, at *7 (D. Conn. Jan. 20, 2021) ("The Court agrees with the University that there is no better person than Ledwith himself to testify regarding Ledwith's knowledge of and relation to the subject matter of the underlying controversy"). Douglas's contention that his public statements are equally as available to Plaintiffs, (Docket No. 141 at 7), misses the mark. Plaintiffs are entitled to ask questions regarding the basis for Douglas's statements. *Brennan v. Mylan Inc*., Case # 6:22-mc-06015, 2023 WL 2445344, at *3 (W.D.N.Y. Mar. 10, 2023) ("[T]he fact that a requestor may already be in possession of some related information does not always amount to a finding a discovery request is sufficiently cumulative or duplicative") (citing *Amphenol Corp. v. Fractus, S.A*., No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019)). Moreover, while Plaintiffs may be able to seek to depose law enforcement officials or the Westchester County District Attorney as to the content of those conversations, conducting multiple depositions for this information is not more convenient, less expensive, or less burdensome. Therefore, the Court finds that the anticipated testimony cannot be obtained through other sources that are "more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

To the extent that Douglas argues that the deposition would be unduly burdensome because: (i) testifying at the California trial was "a frightening experience," (Docket No. 124 at 2), and (ii) Plaintiffs have filed several lawsuits, in various fora, against the Durst family, making the instant suit "the latest attempt to publicly embarrass and harass the Durst family," (Docket No. 141 at 9-10), the Court finds such generalized assertions unpersuasive. *See City of Almaty, Kazakhstan,* 2020 WL 2765084, at *3 (finding "inconvenience… without more, is not a basis to quash a subpoena" where the "deposition will not last longer than one day (seven hours) and is no more burdensome to [the non-party witness] than to any other non-party subpoenaed to give

deposition testimony"); *see also In re Madison Williams & Co., LLC*, Case No. 11-15896, 2014 WL 56070, at *5 (Bankr. S.D.N.Y. Jan. 7, 2014) (non-party witnesses failed to establish undue burden where they "offer[ed] little more than a ritual incantation that the [testimony] will impose undue burden"). Consequently, Douglas's involvement in prior lawsuits does not render the subpoena at issue unduly burdensome.

Douglas further argues that the subpoena imposes an undue burden because the testimony would be cumulative or duplicative of Douglas's testimony during Robert's California trial regarding "the very subjects" or "precise factual conclusions" that Plaintiffs seek to depose him on now and Plaintiffs have access to that publicly available transcript. (Docket No. 124 at 2). In reply, Plaintiffs maintain that Douglas's trial testimony did not cover all of the intended areas of examination, as it was subject to limitation under relevant criminal rules and the California court's evidentiary rulings, and avers that "[t]he central purpose of the Subpoena is to obtain relevant evidence on subjects that were not fully explored or not covered at all during the [California] trial." (Docket No. 132 at 3).

Here, as a general matter, requiring Douglas to sit for a deposition in this case would not be unreasonably cumulative or duplicative. First, the availability of prior testimony in another case does not establish that the sought-after testimony here would be cumulative or duplicative. *See Brennan,* 2023 WL 2445344, at *3 ("Simply put, the possession of deposition transcripts from other cases performed by different lawyers on behalf of different defendants does not constitute the possession of the sought-after information that is the subject of the deposition subpoena in this case."). Second, it is undisputed that: (i) Douglas's prior testimony was in a criminal matter concerning a different victim; and (ii) the California trial court, consistent with applicable criminal law and evidentiary rules, limited the scope of Douglas's trial testimony

regarding Kathie's disappearance. (*See* Docket No. 124 at 4, Docket No. 132 at 4).  Third, unlike other cases where courts have found a non-party witness's testimony cumulative or duplicative, here, Plaintiffs are unable to take "depositions of witnesses knowledgeable" of certain areas of inquiry because they are deceased. *See In re Blackstone Partners, L.P.*, 2005 WL 1560505, at *3 (finding testimony of non-party witnesses would be "duplicative and cumulative" where the party had "already taken several depositions of witnesses knowledgeable" and presented "no explanation of what additional information [the party] hoped to obtain from" the further non-party depositions).  Fourth, Plaintiffs have presented several lines of inquiry, the relevance of which are not disputed, that were not addressed in Douglas's trial testimony.[2] *Lynch,* 2021 WL 5140728, at *5 (denying motion to quash non-party deposition subpoena where party set forth "four lines of inquiries [that] alone establish[ed] that the subpoena is relevant, is not 'unreasonably cumulative or duplicative,' and there is no other source from which this material can be sought that is 'more convenient, less burdensome, or less expensive'…because [the non-party] [wa]s the sole source of knowledge of at least" his own practices and whereabouts on the relevant day).[3]

---

[2] The Court appreciates that Douglas has identified testimony or other public statements that, at least in part, address certain aspects of the lines of inquiry or issues in this case.  The Court has reviewed the proffered testimony and other exhibits, and has determined that the statements may not fully address the points at issue, or were in some ways limited in scope based on the procedural posture of that case.  Moreover, many of these statements were not made under oath.  Thus, the need to question Douglas under oath outweighs any undue burden.

[3] The Court has considered the caselaw cited by Douglas and finds it inapposite. (*See* Docket No. 124 at 2).  The only case cited from within this Circuit, *Alcon Vision, LLC v. Allied Vision Grp., Inc*., No. 19 Misc. 384 (AT), 2019 WL 4242040, at *1 (S.D.N.Y. Sept. 6, 2019), concerned a subpoena "seeking documents." *Id*.  There, the Court granted the motion to quash based on undue burden because the requested information could be "obtain[ed]…from Defendants in the underlying action." *Id*. at *2.  That is not the case here.  Similarly, in *Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015), the court granted a motion to quash a non-party subpoena requesting production of documents where the same information had been requested from a party. *Id.* ("[T]he record before the Court demonstrates that Tresóna has not exercised reasonable diligence in pursuing the desired information from [Defendant] Custom Arrangements, the least intrusive means of obtaining the information in the Underlying Action.").  And in *Flanagan v. Wyndham Int'l Inc*., 231 F.R.D. 98 (D.D.C. 2005), the court denied a motion to quash a subpoena seeking non-party deposition testimony where, as relevant here, prior testimony did not render the sought-after testimony duplicative or cumulative because the "Defendants [would] still be able to elicit additional relevant information due to the new focus of their inquiry." *Id*.

Accordingly, after weighing the relevance of the information sought and the burden imposed, the Court denies Douglas's motion to quash the subpoena.[4]

**C. Protective Order**

Alternatively, Douglas's counsel asks the Court to issue "an Order of Protection" "to preclude inquiry respecting matters already addressed in the testimony of Douglas Durst at the California criminal trial of Robert Durst as reflected in" the provided transcripts. (Docket No. 124 at 2, 6). Plaintiffs represent that they "did not serve the Subpoena simply to waste time and resources by having Douglas repeat his prior testimony," and that the purpose of the deposition is to "obtain relevant evidence on subjects that were not fully explored or not covered at all" during the California trial. (Docket No. 132 at 3). However, Plaintiffs do not propose any reasonable, specific limitations to the scope of their subpoena. (*Id.*).

While the Court has not found sufficient grounds to quash the subpoena, due to Douglas's previous testimony, under oath, regarding certain underlying events, the Court finds good cause to enter a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D); *see Lynch,* 2021 WL 5140728, at *2 ("Because of the 'significant potential for abuse' in pretrial discovery by depositions, 'Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'") (quoting *Seattle Times Co.,* 467 U.S. at 34, 36); *see also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir.

---

[4] Douglas notes, on reply, that disclosure of certain "undertaking[s] given" to the Westchester County District Attorney may not be disclosed absent "assent by the District Attorney or Court order." (Docket No. 141 at 7). While the Court denies Douglas's motion to quash, it does not opine on Douglas's disclosure obligations under state law (nor has it been presented with any specific arguments regarding the same). This Order merely requires Douglas to sit for a deposition in this case.

2003) ("[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds.").

The subpoena seeks Douglas's testimony regarding "[t]he facts and circumstances of the wrongful death of [Kathie] and the events following her death." (Docket No. 125-1). The Court finds that this subpoena, as drafted, may result in testimony that is duplicative or cumulative of Douglas's criminal trial testimony. Thus, the Court, in its discretion, directs Plaintiffs not to re-pose the same questions which were asked and answered during Douglas's criminal trial examination. However, Plaintiffs may depose Douglas regarding the basis of certain beliefs or statements offered in the trial testimony, to the extent not asked and answered, or may ask follow-up questions regarding the basis for his answers at the criminal trial.

## IV. CONCLUSION

For the reasons set forth herein, Douglas's motion to quash the subpoena is denied, and Douglas's motion for a protective order limiting the scope of examination is granted. The Clerk of the Court is respectfully requested to terminate the pending motion (Docket No. 123).

Dated:   June 27, 2023
         White Plains, New York

                                                         **SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge