Case 7:22-cv-00795-KMK-JCM   Document 165   Filed 07/05/23   Page 1 of 2

**DAVIDOFF HUTCHER & CITRON LLP**

ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

MEMO ENDORSED

**FIRM OFFICES**

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

PALM BEACH
ATTORNEYS AT LAW
250 ROYAL PALM WAY
SUITE 202
PALM BEACH, FL 33480
(561) 567-8488

**FIRM OFFICES**

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

July 5, 2023

By ECF
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: *Bamonte, as Administrator, et al., v. Charatan, as Executor*, No. 7:22-cv-795-KMK

Dear Judge Karas:

We write, respectfully, concerning this Court's denial [Dkt. 163] of our request for a brief stay [Dkt. 161], which we requested to afford an opportunity to get up to speed on the litigation. In reviewing the Court's Order, we are particularly concerned that there may be a misapprehension of the reasons behind the change in counsel. In particular, we note the Court's statement that Defendant "elected" to change counsel, and that such "election" "does not provide a license to alter the schedule."

This substitution of counsel was not of Defendant's choosing. Rather, it was mandated by the rules of professional responsibility. On June 26, 2023 Messrs. Hiller and Epstein (outgoing counsel) apprised Magistrate Judge McCarthy of the development of "a non-waivable conflict," [Dkt. 148] which developed late on Friday evening, June 23, 2023. The Magistrate was informed that this conflict "is going to prevent both firms' continued representation of Ms. Charatan herein." [Dkt. 148]. In a later filing, counsel offered to provide details of the nature of this conflict to the Magistrate *in camera*. [Dkt. 150].

Immediately upon learning of the existence of this non-waivable conflict, Defendant began identifying and interviewing potential replacement counsel. Of course, this important process took a few days to resolve.

After four days, on June 30, 2023, Messrs. Hiller and Epstein moved by Order to Show Cause [Dkt. 153-54] for leave to withdraw as attorneys. This application was

Honorable Kenneth M. Karas
July 5, 2023
Page 2

rooted in a concern that outgoing counsel's "continued performance of work for [Defendant] (other than assisting with the transition to new counsel), while laboring under an unwaivable conflict, would be impermissible under the RPC and could potentially prejudice [Defendant's] interests." [Dkt. 153 at ¶ 4].

Over the Independence Day holiday weekend, this Firm was engaged as counsel. Immediately thereafter, on July 3, 2023, outgoing counsel withdrew their Order to Show Cause as moot [Dkt. 156]. It is entirely likely, therefore, that this Court is unaware of the unwaivable conflict, because it was disclosed: (i) in a letter to the Magistrate (and not to this Court), and (ii) in an Order to Show Cause that was ultimately withdrawn. Nevertheless, we have confirmed that Messrs. Hiller and Epstein stand ready to discuss the nature of the conflict *in camera* should Your Honor so require.

It is unfair that Defendant be prejudiced because her outgoing attorneys abided by their obligations under the rules and canons of professional responsibility by seeking to be relieved. We therefore ask this Court to reconsider its denial of our request for a stay. To demonstrate our desire to move this case forward, and show that we are not seeking delay, we will reduce our request to a 25-day stay.

We thank the Court for its consideration.

In light of the circumstances of prior counsel's withdrawal, the case is stayed for 30 days.

So Ordered.
[signature]
7/6/23

Respectfully submitted,

/s/ Larry Hutcher

Larry Hutcher

cc: All Counsel of Record (via ECF)