

ABRAMS FENSTERMAN, LLP
ATTORNEYS AT LAW

Long Island
3 Dakota Drive, Suite 300
Lake Success, NY 11042
516.328.2300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

October 13, 2023

**Via ECF**

Hon. Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> **SO ORDERED:**
>
> The FBI is directed to file a response to the issues raised in this letter by October 27, 2023. Plaintiffs' counsel is directed to immediately serve this Order on the FBI and file proof of service on the docket.
>
> _/s/ Judith C. McCarthy_  10-18-2023
> JUDITH C. McCARTHY
> United States Magistrate Judge

Re: *Bamonte, et al v. Charatan, as Nominated Executor*
File No. 7:22-cv-795-KMK-JCM

Dear Judge McCarthy:

  This office represents Plaintiffs in the above action. I write to respectfully request that the Court issue an order pursuant to Federal Rules of Civil Procedure 45(d)(2) compelling the Federal Bureau of Investigation ("FBI") to respond to the so ordered non-party subpoena served on them on August 29, 2023, and for related relief. For the reasons set forth more fully below, this Court should grant Plaintiffs' motion.

## BACKGROUND AND PROCEDURAL HISTORY

  This action for wrongful death was commenced on January 31, 2022 against the Estate of Robert Durst for the murder of his wife Kathleen McCormack Durst ("Kathie") over 40 years ago. *See* Doc. Nos. 1-2. Following commencement of the action, in or around January, 2022, counsel for the Plaintiffs served a request for records on the FBI pursuant to the Freedom of Information Act ("FOIA"). On or about June 10, 2022, the FBI notified Plaintiffs that it located approximately 9,567 pages and audio media potentially responsive to the FOIA request. *See* Exhibit A, FBI Letter dated June 10, 2022 ("FBI 6/10/22 Letter"). Notably, the FBI did not deny there was an obligation to respond and provide the requested documents contrary to the position they take now.

  On July 14, 2023, the FBI conducted further review and revised its earlier position and reduced potentially responsive information to Plaintiffs' FOIA request to 6,390 pages and audio media and an average processing time of approximately 67 months (over 5 ½ years). *See* Exhibit B, FBI Email dated July 14, 2023 ("FBI 7/14/23 Email"). Again, the FBI asserted no basis to deny the request to produce these materials. However, despite over sixteen (16) months passing, the FBI has not produced a single document to date that was sought by Plaintiffs' original FOIA request.

  On April 17, 2023, Defendant filed its answer with affirmative defenses. *See* Doc. No. 93, Answer. In particular, Defendant has asserted as and for her Eleventh Affirmative Defense



that "[u]pon information and belief, the death of Kathleen Durst was caused by someone other than Robert Durst." *See id.* p. 6.

Between May 2023 and September 2023, the parties have exchanged various document discovery and scheduled depositions of nonparty Douglas Durst and Defendant pursuant to Court orders. *See* Doc. Nos. 98, 108, 130, 139, 147, 151, 177, 181, 185. Additionally, pursuant to the revised and amended discovery schedule dated August 18, 2023 (and so ordered by the Court on August 21, 2023), all fact discovery is to be completed no later than January 19, 2024 and the Court made clear that "no more extensions will be granted." *See* Doc. No. 181.

Given the looming deadline for the completion of fact discovery and the deposition that have already been scheduled to be completed this month, Plaintiffs preemptively prepared and brought subpoenas to the FBI, Westchester County District Attorney's Office and the Los Angeles County District Attorney's Office to the status conference before Your Honor on August 17, 2023 to be so ordered. *See* Doc Nos. 178-180. The subpoenas were returnable on September 18, 2023, and specifically sought, among other things, documents and communications with law enforcement and prosecuting agencies in connection with the Susan Berman and the related murder trial in Los Angeles, California, as well as documents and communications concerning the investigation of Robert Durst in connection with the murder of Kathleen McCormack Durst and/or Susan Berman including but not limited to communications with any of Robert Durst's attorneys, law enforcement, prosecuting agencies and Debrah Charatan (Robert Durst's spouse) in connection with Plaintiffs' wrongful death claim against Mr. Durst's estate. *See id.*

On August 18, 2023, the Court having been previously provided with copies of the subpoenas and having heard an oral application during the August 17, 2023 status conference, so ordered the subpoenas for the documents being held by the FBI. *See* Doc. No. 178. Andy Clay, Assistant General Counsel for the FBI, accepted service on August 29, 2023 and proof of service was filed on September 27, 2023. *See* Doc. No. 189.

By Letter dated September 15, 2023, the FBI served its response and objected to the production of documents citing 5 U.S.C. § 301, 28 C.F.R. §16.21 *et seq.* and United States Supreme Court decision *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (collectively "*Touhy* regulations"). *See* Exhibit C, FBI Response Letter dated September 15, 2023 ("FBI Response") pp. 1-2. More specifically, the FBI objected on grounds that Plaintiffs allegedly did not "provide the FBI with a jurisdictionally-valid subpoena, order, or demand of a court or other authority, and a scope and relevancy statement." *See id.* Moreover, the FBI further objects on grounds on a prior FOIA request in or around January 2022 seeking the same records as Plaintiffs' subpoena request. *See id.* p. 2. This objection is absurd as it has been four hundred ninety (490) days since the initial acknowledgment of the FOIA request and the FBI has failed to produce a single document after identifying the exact number of documents that are responsive to this request. The FBI is simply stonewalling the Plaintiffs without any legal or factual basis to deny the production of the requested records.



In considering the instant motion, it must be noted that the FBI waived any right to refuse production pursuant to the subpoena by consenting and allowing FBI Special Agent Eric Perry ("Agent Perry") to publicly testify at the Susan Berman murder trial regarding the FBI's investigation of Robert Durst related to the murders of Kathie, Susan Berman and Morris Black. Through Agent Perry's testimony, the subject of the documents sought by this subpoena have been disclosed and are a matter of public record. In his trial testimony, Agent Perry outlined the origination of FBI's investigation into Robert Durst following a complaint received by Ed Kahrer, a retired Assistant Special Agent in Charge with the FBI, who then became the Vice President of Security for the Durst Organization from 2011 to 2021. As set forth in a New York State Police Incident Report, this investigation began as a result of alleged threats made by Robert Durst to other Durst family members. *See* Exhibit D, New York State Police Incident Report, pp. 3-4 (confirming Agent Perry involvement in directing the New York State Police investigation of Robert Durst murdering Kathie). This involvement in the restarting of the investigation into Kathie's murder was confirmed during the Berman trial, when Agent Perry testified about the steps taken between 2012-2015 leading up to the arrest of Robert Durst for murder, the materials Agent Perry reviewed, including files maintained by the District Attorney's Offices in Los Angeles and Westchester for murder prosecutions of Durst, individual law enforcement personnel he spoke with, including but not limited to New York State Police Detective Joseph Becerra and Westchester County District Attorney Investigator Ed Murphy, who investigated Kathie's disappearance and murder, Los Angeles County Detective George Shamlin, and Los Angeles Assistant District Attorney John Lewin, civilians he spoke with including but not limited to Marc Smerling, Andrew Jarecki and Susan Giordano, as well as Title III surveillance, conducting pen registers, search of phone records, etc. Having provided testimony in open court as to existence and content of the materials in the FBI's files which are sought by the so ordered subpoena, it is now illogical for the FBI to refuse to produce the same claiming that these documents and information has not been previously disclosed in a related court proceeding.

Most importantly, the FBI has failed to object to the discovery at issue in the present motion on proportionality, undue burden, or expense grounds, but resisted discovery on relevancy and *Touhy* regulations grounds claiming lack of jurisdictionally-valid subpoena, order, or demand of a court. *See* Exhibit C, FBI Response pp. 1-2. Plaintiffs now bring this instant motion seeking to compel production from the FBI.

## **LEGAL STANDARD**

The FBI has made clear its position that as a so ordered subpoena, the Federal Rules of Civil Procedure, specifically Rules 26(b)(2) and 45(c)(3), are controlling. *See* Exhibit C, FBI Response p. 2 (citing *Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 338-39 (D.D.C. 2021); *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) and Fed. R. Civ. P. 26(b)(2)(C)(i)). Furthermore, the FBI's invocation of its obligation to response to the Plaintiffs' July 31, 2022 FOIA request demonstrated that it has acknowledged and agreed to an obligation to produce the very records and materials that are sought by the so ordered subpoena. In this regard, this District Court has recently held that Federal Rules 26 and



45 are applicable, and not the *Touhy* regulations, when the FBI seeks to limit its obligation to respond to a subpoena pursuant to the Federal Rules of Civil Procedure. *See In re: Terrorist Attacks on September 11, 2001*, 523 F. Supp. 3d 478, 488-89 (S.D.N.Y. 2021) (applying Federal Rules to the FBI's response and objections to a subpoena served on it as a non-party). Accordingly, the FBI's obligations in responding to Plaintiffs' subpoena are governed by Federal Rules of Civil Procedure 26 and 45. *See* Fed. R. Civ. P. 26(b)(1), 45(d)(2).

Federal Rules of Civil Procedure 26 provides that civil litigants "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed." Fed. R. Civ. P. 26(b)(1). Rule 26 further provides that relevant information "need not be admissible in evidence to be discoverable." *See id.*

Similarly, Federal Rule of Civil Procedure 45 circumscribes the information that may be obtained through discovery via subpoena power. *See* Fed. R. Civ. P. 45(a). Under Federal Rule of Civil Procedure 45(d)(2), a party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see, e.g., Gov't Emps. Ins. v. Dinesh Verma Med., P.C.*, 22-CV-2893 (GRB)(JMW), 2023 WL 2771638, at *1 (E.D.N.Y. Apr. 3, 2023). The party issuing the subpoena must demonstrate that that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Gov't Emps. Ins.*, 2023 WL 2771638, at *1. Relevance for purposes of a subpoena issued pursuant to Rule 45 is analyzed under the familiar standard outlined by Rule 26(b)(1). *See Silver Sands Motel Inc. v. Long Island Cap. Mgmt.*, 21-CV-1224 (GRB)(JMW), 2023 WL 4054526, at *5 (E.D.N.Y. June 15, 2023)("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1).").

### A. The FBI's Objections are Untimely and Must Be Rejected

Pursuant to Rule 45, objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). A nonparty that fails to timely and properly object to a subpoena generally waives any objection it may have had. *DG Creditor Corp. v. Dabah*, 151 F.3d 75, 81 (2d Cir. 1988); *Preston Hollow Capital LLC v. Nuveen Asset Management* LLC, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (holding nonparty waived its right to object to subpoena because it did not file objections within 14 days or a motion to quash as required by Rule 45(d)(2)(B)). Here, the FBI was duly served with the so ordered subpoena on August 29, 2023. *See* Doc. No. 189. The FBI responded with objections by letter dated September 15, 2023 citing the *Touhy* regulations. *See* Exhibit C, FBI Response pp. 1-2. Accordingly, the FBI's objections on September 15, 2023 is untimely since it was not served within 14 days of service of the subpoena.

Moreover, a nonparty served with a subpoena *duces tecum* does not comply or serve timely objections, it may instead move to quash or modify the subpoena before the requested

4



date for production of documents. Fed. R. Civ. 45(d)(3); *Benthos Master Fund, Ltd. v. Etra*, 20-CV-3384 (VEC), 2022 WL 4467249, *8 (S.D.N.Y. Sept. 26, 2022). Here, the FBI also failed to move to quash or modify Plaintiffs' subpoena. Accordingly, the FBI's objections are untimely on these grounds as well.

**B.     The Documents Sought by Plaintiffs are Indisputably Relevant**

As a threshold procedural matter, federal courts have broad latitude in conducting and overseeing pre-trial discovery. *In re Fitch*, 330 F.3d 104, 108 (2d Cir. 2003). The Court has "broad discretion" in determining relevance for discovery purposes. *See In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 115 (2d Cir. 2020) (recognizing courts have "broad discretion in managing discovery"). Plaintiffs concede that a party seeking discovery bears the initial burden of proving the discovery is relevant. Fed. R. Civ. P. 26(b)(1); *Citizens Union of City of N.Y. v. Attorney General of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. Sept. 1, 2017). Additionally, a court "so orders" a subpoena typically where the recipient of the subpoena is subject to privacy regulations or has an announced policy requiring a court order, and where the relevance of the subpoenaed material is clear. *See Galgano v. County of Putnam*, 16-CV-3572 (KMK)(PED), 2021 WL 2036709, at *1 (S.D.N.Y. May 21, 2021).

Here, the information sought in Plaintiffs' "so ordered" subpoena is clearly relevant, proportional, and reasonably calculated to lead to the discovery of admissible evidence in support of their wrongful death action against the Estate of Robert Durst for the murder of Kathie. In this regard, this Court has "broad discretion" in determining relevance for discovery purposes. *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d at 115. The relevance of Plaintiffs' subpoena is predicated on Agent Perry's previous testimony in the Susan Berman criminal trial as well as his direct involvement in the restarting of the Westchester County District Attorney's Office's investigation of Kathie's murder in 2012, which resulted in the Indictment of Durst for this murder in 2021 that formed the predicate for the commencement of the instant wrongful death action. As set forth above, Agent Perry's testimony in open court provided compelling reasons for Robert Durst's motive, intent and opportunity to murder Kathie and subsequently murder Susan Berman, to permanently silence Ms. Beman - a critical witness to Kathie's disappearance and murder. Indeed, Robert Durst was charged and convicted under California Penal Code § 190.2(a)(10), Special Circumstances – Murder of Witness. Indeed, the linchpin of Robert Durst's conviction rested on proof submitted at the Berman trial, through Agent Perry and others that he murdered Kathie in 1982 and coverup this crime for over forty (40) years. Plaintiffs need the requested discovery to meet their burden of proof in their civil action against Robert Durst's estate – a requirement set forth in Judge Karas's Opinion and Order denying Defendant's motion to dismiss. *See* Doc. No. 82, 3/31/23 Opinion pp. 22, 24.

Relevance of Plaintiffs' so ordered subpoena also cannot be disputed by the FBI's own admissions. In response to Plaintiffs' 2022 FOIA request, the FBI admitted that it had located between 6,390-9,567 pages and audio media that was potentially responsive. *See* Exhibit A, FBI 6/10/22 Letter; *see also* Exhibit B, FBI 7/14/23 Email. The FBI has therefore expressly conceded



the relevancy and should not, now, be permitted to backpedal its earlier representation when the FBI was prepared and in the process of producing these same records pursuant to a FOIA request. This was confirmed in the FBI's September 15, 2023 Letter, which acknowledged that Plaintiffs' "submitted a FOIA request to the FBI *seeking essentially the same records as [the] [] Touhy request*." See Exhibit C, FBI Response p. 2. Accordingly, the FBI's objection to production of documents on relevance grounds is without merit and frivolous. Therefore, this Court should compel the FBI to produce documents requested pursuant to the so ordered subpoena as Plaintiffs cannot wait 67-79 months for the FBI to process Plaintiffs' request given the tight discovery schedule.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel the FBI to produce documents referenced in the so ordered subpoena should be granted. Any further delay will likely impact the strict fact discovery deadline set forth by Judge Karas and thereby prejudice Plaintiffs in this action.

Respectfully submitted,

s/Robert Abrams
Robert Abrams