UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL BAMONTE, as Administrator, et al., <br><br> Plaintiff, <br><br> vs. <br><br> DEBRAH LEE CHARATAN, as the Nominated Executor of the Estate of Robert Durst, <br><br> Defendant. | Case No. 7:22-cv-00795-KMK-JCM <br> *Hon. Judith C. McCarthy* <br><br> **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged in response to the Subpoena Duces Tecum, dated August 18, 2023 (ECF Docket Entry No. 180), which was served by the Plaintiffs on the Los Angeles County District Attorney's Office ("Third Party") on August 22, 2023 ("the subpoena") :

25135

///

///

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Parties to this Stipulation and Order are the Plaintiffs, the Defendant, and the Third Party, including all of its officers, directors, employees (sworn and civilian), consultants, retained experts, and outside counsel of record (and their support staffs).

3. Action refers to *Carol Bamonte, as Administrator, et al. v. Debrah Lee Charatan, as the Nominated Executor of the Estate of Robert Durst*, United States District Court, Southern District of New York, Case No. 7:22-cv-00795-KMK-JCM, and any appeals through FINAL DISPOSITION. FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action.

4. Confidential Information is defined as information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

5. Challenging party is defined as a Party or Non-Party in this action that challenges the designation of information or items under this Order.

6. Counsel is defined as outside counsel of record and house counsel (as well as their support staff).

7. Designating party is defined as a Party or Non-Party in this action that

25135

-2-

**STIPULATED PROTECTIVE ORDER**
Case No. 7:22-cv-00795-KMK-JCM

designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

8. Disclosure or Discovery Material is defined as all items or information, including but not limited to electronically stored information and documents, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to the subpoena.

9. Non-party is defined as any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action. Nothing in this Order shall give any Non-Party standing to intervene in this Action. Any Non-Party who may seek judicial relief related to this Order must independently establish a basis for its standing to intervene in the Action. However, nothing in these provisions should be construed as prohibiting a Non-Party from seeking judicial relief related to this Order by independently establishing a basis for its standing to intervene in the Action.

10. Producing party is defined as a Party or Non-Party that produces disclosure or discovery material in response to the subpoena.

11. Receiving party is defined as a Party in this action that receives disclosure or discovery material from a producing party.

12. The Confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

13. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential

Information.

14. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court). The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

15. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

16. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information

subject to all the terms of this Stipulation and Order.

17. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

18. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

20. Each Party or Non-Party that seeks to introduce information that was designated as CONFIDENTIAL as evidence during trial must give a 7-day notice to Each Party and Non-Party prior to attempting to introduce information that was designated CONFIDENTIAL in order to provide Each Party and Non-Party an

opportunity to respond and/or object to the introduction of information designated as CONFIDENTIAL.

21. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Confidential information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential information. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential information. Any such archival copies that contain or constitute Confidential information remain subject to this Protective Order.

22. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

23. Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 9, 2023

25135
-6-
STIPULATED PROTECTIVE ORDER
Case No. 7:22-cv-00795-KMK-JCM

_____
Brian Thomas McCarthy, Esq.
Attorneys for Plaintiff,
as Administrator of the Estate of KATHLEEN DURST; and JAMES MCCORMACK, VIRGINIA MCKEON, and MARY HUGHES, as Co-Administrators of the Estate of ANNE C. MCCORMACK, a Distributee of the Estate of KATHLEEN DURST

DATED: _____

_____
Larry Hutcher, Esq.
William Hynes Mack, Esq.
Attorneys for Defendant.
DEBRAH LEE CHARATAN, as the Nominated Executor of the Estate of ROBERT DURST

DATED: __12/11/23__

_____
Robert C. Leiford III, Esq.
Tomas A. Guterres, Esq.
Attorneys for Third Party,
LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:   December 12, 2023

_____
JUDITH C. McCARTHY
United States Magistrate Judge

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I,_____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____

_____     _____
Name (printed)    Signature

Signed in the presence of:

_____
(Attorney)

25135

-1-

**STIPULATED PROTECTIVE ORDER**
Case No. 7:22-cv-00795-KMK-JCM