UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES MCCORMACK, VIRGINIA MCKEON, and MARY HUGHES, as Co-Administrators d.b.n. of the Estate of KATHLEEN DURST; and JAMES MCCORMACK, VIRGINA MCKEON, and MARY HUGHES, as Co-Administrators c.i.a. of the Estate of KATHLEEN DURST, | Case No.: 7:22-cv-795 (KMK) |

                                     Plaintiffs,

~ *against* ~

DEBRAH LEE CHARATAN, as the Executor of the
Estate of ROBERT DURST,

                                  Defendant.

## DEFENDANT'S SUR-SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE EXPERT WITNESS

**DAVIDOFF HUTCHER & CITRON LLP**

605 THIRD AVENUE, 34TH FL.

NEW YORK, NEW YORK 10158

(212) 557-7200

*ATTORNEYS FOR DEFENDANT*

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**The Surrogate Opinion Is Unrelated To This Litigation** ............................................................ 1

**An Executor Is Entitled To Disclaim Interest In A Litigation Brought By A Testator** ......... 2

**Riggs Does Not Apply To This Matter** ...................................................................................... 3

i

# TABLE OF AUTHORITIES

**Cases**

(1889) .................................................................................................................. 3, 4

*In re Est. of Palma*,
    17 A.D.3d 817 (3d Dep't 2005) .......................................................................... 3

*In re Est. of Skelly*,
    284 A.D.2d 336 (2d Dep't 2001) ........................................................................ 3

*In re Estates of Covert*,
    279 A.D.2d 48 (3d Dep't 2000) .......................................................................... 4

*Madison Acquisition Grp., LLC v. 7614 Fourth Real Est. Dev., LLC*,
    134 A.D.3d 683 (2d Dep't 2015) ...................................................................... 2-3

*Riggs v. Palmer*,
    115 N.Y. 506 (1889) ........................................................................................ 3, 4

*Stone Mountain Holdings, LLC v. Spitzer*,
    119 A.D.3d 548 (2d Dep't 2014) ........................................................................ 3

**Rules**

CPLR 3217(b) ..................................................................................................... 2

NG-499T5PE2 4936-6605-1388v.3
4936-6605-1388, v. 3

Plaintiffs' Sur Reply is a desperate attempt to keep their defective damages pleadings alive. It primarily rehashes arguments already addressed by Defendant, and attempts to twist the law beyond any reasonable reading.

### The Surrogate Opinion Is Unrelated To This Litigation

The Surrogate's Court was considering a petition by administrator Carol Bamonte for a judgement declaring that Durst forfeited his interest in funds from Kathleen's estate that were held on deposit with the State Comptroller.  In 2019 the Surrogate Court stayed this application because another action – the Nassau County Proceeding – remained pending.  In that proceeding, Bamonte advanced a claim for Violation of the Right of Sepulcher and Intentional Infliction of Emotional Distress based on the same facts as the instant litigation.  The Surrogate granted a stay in the interest of judicial economy and to avoid the possibility of inconsistent rulings.  Bamonte's claims were dismissed years ago, following three amended complaints and years of litigation.  It is currently on appeal.

From these simple facts, Plaintiff has constructed baffling arguments.  Confusingly, Plaintiffs simultaneously claim: (i) that the Surrogate's Court matter should continue to be stayed because if Plaintiffs succeed in *this* matter, it would assist it in the Surrogate's proceeding[1]; and (ii) that this matter cannot proceed until the damages in the Surrogate's matter are resolved. [Dkt. 323 at 4-5].  Plaintiffs further fail to explain why their stayed on in Surrogate's Court, seeking the same monetary outcome they have already received from Defendant's disclaimer in

---

[1] Dkt. 319 at 2 n. 1 states, "Clearly if the Plaintiffs are able to establish Durst was responsible for Kathie's wrongful death in the action pending in this Court, that would provide the predicate for the Surrogate's Court to forfeit Durst's interest in Kathie's Estate." Defendant fails to comprehend how the supposed helpfulness of a decision for the Plaintiff should impact the Court's determination of the legitimacy of their claim. However, in making this odd assertion the Plaintiffs also argue "that would provide the predicate for the Surrogate's Court to forfeit Durst's interest in Kathie's Estate." This is precisely what the Defendant has already done in its Reply: disclaimed Durst's (the Durst Estate's) interest in Kathie's estate.

*this* case, somehow bars the Defendant from waiving any claim to the withheld funds. Nor do they explain how their Surrogate Court motion is not now moot.[2]

Ultimately, Plaintiffs' grasping is irrelevant since Defendant has disclaimed her interest in the Surrogate fund, rendering the underlying motion moot. Even if Defendant did maintain its interest in the funds, that is irrelevant because such funds are not a recognized category of wrongful death pecuniary damages.

### *An Executor Is Entitled To Disclaim Interest In A Litigation Brought By A Testator*

The creation of the Surrogate fund has spawned decades of litigation between Robert Durst and his Estate, and the various administrators of Kathleen Durst's Estate. According to Plaintiffs, this fund contains $81,658.87. [Dkt. 304 at 12]. Four decades of strife and legal bills over $81,685.87 is enough. Defendant, as administrator of the Estate, is under no obligation to doggedly continue a wasteful litigation where the legal fees expended have already far ballooned past the amount at issue, and in fact has a fiduciary duty not to waste the estate's funds further pursuing the matter.

Plaintiffs' support for the proposition that the Estate is barred from disclaiming interest in the Surrogate account is unavailing. CPLR 3217(b) is inapplicable. That rule considers a party's attempt to discontinue a claim *it* has brought. The stayed application at issue here is a claim brought by Plaintiffs, *not* Defendant. Further, Defendant did not discontinue the proceeding. Rather, it disclaimed its interest in the funds at issue in the Surrogate's Court proceeding, thus rendering the pending motion moot. Expectedly, the cases cited by Plaintiff are distinguishable. In *Madison Acquisition*, the court considered a motion by a Plaintiff to withdraw its own motion. *Madison Acquisition Grp., LLC v. 7614 Fourth Real Est. Dev., LLC*, 134 A.D.3d 683, 683-684

---

[2] Plaintiff's statement that, "In essence, Defendant is attempting to give away what she does not own" makes little sense. If the funds were not at issue, surely Plaintiffs would have collected them by now.

(2d Dep't 2015) ("In an action to foreclose a mortgage, the plaintiff appeals to . . . voluntarily discontinue the action insofar as asserted against the defendant Mousa Khalil"). In *Stone*, the court considered a situation where parties had jointly attempted to discontinue an action at an inappropriate time and then proceeded as if they had not so stipulated. *Stone Mountain Holdings, LLC v. Spitzer*, 119 A.D.3d 548, 549 (2d Dep't 2014). Plaintiffs have cited *no* caselaw for the proposition that the executor of an estate cannot disclaim interest in a disputed account that is subjecting the estate to costly and purposeless litigation.

Not only does an executor have the power to disclaim interest in an account, she has a fiduciary *duty* to do so where failure to disclaim the interest would be financially detrimental to the estate. In general, an executor must act in the best interest of the estate and preserve its assets. *See In re Est. of Skelly*, 284 A.D.2d 336, 336 (2d Dep't 2001) ("An executor is a fiduciary who owes a duty of undivided loyalty to the decedent and ha[s] a duty to preserve the assets of the estate . . . entrusted to them") (internal citations omitted).  Courts have upheld the proposition that avoiding costly litigation as an appropriate action by an executor. *See In re Est. of Palma*, 17 A.D.3d 817, 819 (3d Dep't 2005) ("Inasmuch as the record indicates that petitioners herein attempted to preserve as much of the estate as possible by avoiding expensive litigation, we conclude that they did not breach their fiduciary duties to the estate and Surrogate's Court did not abuse its discretion in approving the compromise.")  Here, avoiding expensive litigation with minimal potential benefit is a decision in the best interest of the estate, and Plaintiffs' counsel is certainly not in a position to second guess that discretion.

### *Riggs Does Not Apply To This Matter*

As the Plaintiffs appear to concede in their April 14, 2025 letter, without their lingering claim to the $81,658.87 held by the Comptroller, they lack any grounds with which to attempt to apply the *Riggs* doctrine.  As carefully explained in Defendant's reply memorandum of law in

3

support of its motion for summary judgement, *Riggs v. Palmer*, 115 N.Y. 506 (1889) does not apply in this matter.[3]

In brief, the court's primary concern in *Riggs* was the common law maxim that a wrongdoer cannot profit from his crime. In addition, *Riggs* sought to ensure that the estate law not be construed to incentivize criminal conduct. Here, all but one of Plaintiffs' claims[4] attempt to take *Durst's* property, something the Plaintiffs' own case law concedes lies outside the *Riggs Doctrine. See In re Estates of Covert*, 279 A.D.2d 48, 50 (3d Dep't 2000) (The Riggs Doctrine "should not cause forfeiture of the wrongdoer's own property.") As to the other concern of the *Riggs* court, the law promoting illegal behavior, even Plaintiffs do not allege that Robert's alleged actions could have been motivated by the EPTL's limitations on the categories of damages available in a wrongful death action. Thus, *Riggs* cannot not apply to any of Plaintiffs' alleged categories damages except *debatably*[5] to inheritance, reducing their total potential claim to the $81,658.87 deposited with the Comptroller. *See also*, Defendant's Memorandum of law in Reply p. 5-6. This, of course, explains why Plaintiffs go to such great lengths seeking to *prevent* Defendant from disclaiming any interest in Kathleen's estate. Indeed, these modest funds are the only possible avenue whereby Plaintiffs' claims are not dismissed. And now that these amounts are expressly disclaimed, the only permissible action is the dismissal of Plaintiffs' claims.

---

[3] *See* Dkt. at 4-7 for a detailed analysis of the inapplicability of the Riggs Doctrine.
[4] Those remaining anyway, Plaintiffs previously disclaimed their previously asserted damages for pain and suffering, pre-impact terror and punitive damages.
[5] In addition to the fact that these funds are a Surrogate Court matter and irrelevant here, as explained *infra*, Durst also has not been found guilty of any crime relating to Kathleen Durst in any court of law. Thus, even when the irrelevancy of the funds is ignored, the applicability of *Riggs* is questionable at best.

4

For the reasons stated in Defendant's previous filings, and herein, Defendant respectfully requests that this Court grant the Defendant's motion for summary judgement and to preclude expert evidence, and for such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          April 29, 2025

                              **DAVIDOFF HUTCHER & CITRON LLP**

                              By:        */s/ William H. Mack*
                                         _____
                                         Larry Hutcher
                                         William H. Mack
                                         Gary I. Lerner
                                  605 Third Avenue, 34th Floor
                                  New York, New York 10158
                                  Tel:    (212) 557-7200
                                  Fax:    (212) 286-1884
                                  whm@dhclegal.com
                                  *Attorneys for Defendants*

TO:

Robert Abrams, Esq.
Brian Thomas McCarthy, Esq.
Raju Sundaran, Esq.
ABRAMS FENSTERMAN, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300

John D'Ercole, Esq.
LEECH TISHMAN ROBINSON BROG
885 Second Avenue, 3rd Floor
New York, New York 10017
(201) 603-6300

*Attorneys for Plaintiffs*

5